UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERONICA DANIELA VADUVA, ) | |
| ) | CASE NO. C18-0512 RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING MOTION TO |
| ) | APPOINT COUNSEL |
| FRANCIS WALKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #10. Plaintiff asks the Court to appoint counsel in this wage case on the basis that she has contacted two attorney firms but they have failed to return her calls, and because "[t]hey don't seem to be interested unless there is a clear case of discrimination." *Id.* The case was removed from King County Superior Court to this Court on April 6, 2018, and Defendant has appeared. Dkt. #1. Plaintiff states that she had been granted leave to proceed *in forma pauperis* in the state court action.[1] Dkt. #10 at 1.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing

---

[1] This Court struck as moot Plaintiff's IFP application in this Court given that she was not responsible for paying the filing fees in this Court. Dkt. #13.

ORDER
PAGE - 1

*Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

Plaintiff alleges that she is owed in excess of $52,000 in unpaid wages for her work as a live-in home health care provider. Dkt. #1. There are no details in the Complaint alleging discrimination or any other basis for the failure to pay her wages allegedly owed. *See* Dkt. #1. At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #10) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing this Motion once a factual record pertaining to her claims has been more fully developed.

DATED this 27th day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE